## NOFFSINGER v STATE OF FLORIDA
### Case No. CJAP 85-31
Ninth Judicial Circuit, Orange County
March 19, 1986

### APPEARANCES OF COUNSEL

**Charles B. Draper** for appellant.
**Mary F. Trotter,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

Appellant seeks to set aside judgment of supervised probation and fine as a result of his no contest plea to Driving Under the Influence (DUI) after trial court denied Appellant's Motion to Suppress and Dismiss and denied Appellant's Motion to Dismiss. The issue presented for appeal is whether or not warrantless arrest for DUI is valid if no elements of the offense were committed in the officer's presence.

The facts indicate that Fire Department employees responded to a call for assistance and observed the Appellant in his vehicle asleep at

the stop sign on Jetport Road with his foot on the brake, keys in the ignition and the vehicle in the drive position. These employees took Appellant's keys and removed him from the vehicle.

When the Trooper arrived, he observed the vehicle parked at the stop sign with several Fire Department employees and te Appellant standing behind the vehicle. No other law enforcement personnel were present. The Trooper did not observe the Appellant driving, he did not observe the Appellant behind the wheel, he did not observe the Appellant inside of the vehicle; nor did he observe the Appellant in the actual physical control of the vehicle.

The necessary elements under which a person may be arrested for driving under the influence are listed in the Statute. *Fla. Stat.* Sec. 316.193.

Authority for the law enforcement officer to arrest without a warrant for a violation of *Florida Statutes* 316, must be committed in the presence of the officer. *Fla. Stat.* 901.15(5).

The only statutory exception would be if the officer was making an investigation at the scene of a traffic accident. *Florida Statutes* 316.645. However, the facts are clear in this case that there was no traffic accident.

The State raised before the trial judge, but not on appeal, the issue of "continuing offense" to justify the Trooper's actions. The facts are clear in this case that no continuing offense occurred.

Under the facts stated in this case the Trooper had no authority to arrest the Appellant. At most, he had probable cause to approach a judge for a warrant. His failure to do so is fatally defective. The authority of the Court is to interpret statutory authority granted by the legislature. It is not the authority of the Court to expand legislative enactments to justify poor police practice. If the law is to be changed, it is for the legislature to do so and not the Court.

According, this Court REVERSES AND REMANDS with direction that the Appellant's Motion to Dismiss and Motion to Suppress is GRANTED, and that the case be dismissed.